[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated July 27, 1999, the plaintiff wife, Natalia Zastawsky, commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant appeared through counsel and filed a cross-complaint dated May 16, 2000. Both parties appeared with counsel on July 24, 2000 and the plaintiff proceeded on her complaint. The parties presented testimony and introduced documentary evidence. The court, after hearing the testimony and reviewing the exhibits, makes the following findings of fact.
The plaintiff, whose maiden name was Natalia Iwanczuk, married the defendant on June 2, 1984 at Ellenville, New York. She has resided continuously in the state of Connecticut for at least twelve months next preceding the filing of the complaint. All statutory stays have expired. No minor children issue of this marriage. No other minor children have been born to the plaintiff since the date of the marriage. The court further finds that neither party have been the recipients of any aid from the State of Connecticut or any municipality thereof.
The plaintiff is forty-one years of age. Overall she is in good health but may have to undergo surgery in the near future which would cause her to be out of work for approximately six weeks. She should have a full recovery from the surgery. Her medical insurance is presently with the defendant but she expects to obtain her own medical insurance through her place of employment. She is currently employed full time with the firm of Kuzmak-Williams located in Hartford, Connecticut. Her occupation is that of a tenant service coordinator and at the present time, she receives a gross weekly wage of $548.08. She also receives an additional $33.25 per week from other part-time employment. She has four years of college and received a Bachelors of Arts degree. In addition she has received a certification for interpersonal therapeutic medicine. When the parties married she was employed as a clerk at a printing company. Thereafter she was employed with the State of Connecticut, Ravies Real Estate, Pension Consultants and now is engaged in her present employment. Her previous employment consisted primarily of clerical and secretarial positions. For approximately two and one-half years she was engaged in recreational therapy at three nursing homes. CT Page 13399
The defendant is fifty-four years of age. He is in good health. He received a college degree from the University of Connecticut in 1973 where he majored in psychology and sociology. He has been employed with the Aetna for twenty-five and one-half years and has survived many reorganizations of his department. He is considered a valued employee. He works primarily in systems and computer fields. He began his employment at Aetna in 1981. His income is almost exclusively derived from his employment and his gross weekly wage is $1,375.00.
The parties first met in October of 1981 at the Ukranian Club in New Jersey. At the time both were living with their respective parents. The plaintiff was living in New York and the defendant was living in Connecticut. The plaintiff would visit the defendant in Connecticut and their lives revolved around the Ukranian Club where they developed friendships. Further, each of the parties enjoyed the others family. Both drank to excess on occasion. At the time the parties married the plaintiff was twenty-five years of age and the defendant was thirty-eight years of age. The defendant's entire social life revolved around the Ukranian Club where he became actively involved in serving on numerous committees, etc. The plaintiff participated with the defendant in the social fabric of the Ukranian Club. During the course of the marriage the plaintiff became pregnant but miscarried. In addition, the defendant and the plaintiff started to live essentially separate lives with respect to their finances. There was an incident involving the defendant's drinking while driving. Although there were allegations of verbal abuse by the defendant, there was no evidence of any physical abuse. For the past fourteen years the parties have not engaged in any intimacy. Based upon the testimony the court finds that each of the parties were to blame for the breakdown of the marriage.
The court has considered all of the factors in Connecticut General Statutes §§ 46b-81, 46b-82, 46b-89 and 46b-62 and other pertinent statutes, earnings and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial award set forth below. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is further ordered that:
1. ALIMONY. The defendant shall pay to the plaintiff weekly periodic alimony in the amount of $250. Said alimony shall be includable by the plaintiff and deductible by the defendant for income tax purposes. Said alimony shall be for a period of five years and shall be non-modifiable as to term. Further, said alimony shall terminate upon the death of either party, the remarriage of the plaintiff or the co-habitation by the plaintiff with an unrelated male.
2. MARITAL RESIDENCE. The plaintiff shall transfer to the defendant all CT Page 13400 of her right, title and interest in and to the marital residence known as 35 Oregon Avenue, Newington, Connecticut. She shall vacate the marital residence on or before November 1, 2000. The defendant shall assume and agree to pay the existing mortgage on the property and shall hold the plaintiff harmless therefrom.
3. AUTOMOBILES. The plaintiff shall retain her present automobile and the defendant shall retain his present automobiles.
4. BANK ACCOUNTS. The plaintiff shall retain her bank account in the approximate amount of $1,700.00 and the defendant shall retain his bank accounts in the approximate amount of $3,642.00.
5. FIDELITY ACCOUNTS. The husband shall retain his fidelity account in the approximate amount of $92,892.00. Further, the defendant shall release to the plaintiff all of his interest in the joint fidelity account in the approximate amount of $134,170.00.
6. LIFE INSURANCE. The defendant shall retain the cash surrender value of his present life insurance policies.
7. 401K PLAN. The defendant shall transfer to the plaintiff, by Qualified Domestic Relations Order, $182,579.00 of his 401k plan. The court shall retain jurisdiction.
8. INDIVIDUAL RETIREMENT ACCOUNT. The plaintiff shall retain her individual retirement account in the approximate amount of $84,168.00.
9. ANNUITIES. The plaintiff shall retain her Travelers annuity in the approximate amount of $2,431.00 and the Walnut Hill annuity in the approximate amount of $1,614.00.
10. AETNA PENSION. The defendant shall transfer to the plaintiff 32% of his existing pension by Qualified Domestic Relations Order. The 32% represents a stipulated amount by the parties. The court shall retain jurisdiction.
11. CHANGE OF NAME. The plaintiff's maiden name, Iwanczuk shall be restored to her.
John R. Caruso, J.